## Charles N. Brumm et Ux., Appts., v. Pottsville Water Company et al.

Where the act of incorporation of a water company provided that the "real estate (to which water is supplied) shall be bound and liable for the use of same," it was *held* that a preliminary injunction, granted at the instance of the present owner of certain premises to restrain the company from stopping the supply of water thereto, in accordance with a by-law of the corporation, for arrearages due by the previous owner, was properly dissolved.

(Argued February 15, 1888. Decided March 5, 1888.)

January Term, 1888, No. 194, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Schuylkill County dissolving a preliminary injunction, July Term, 1886, No. 2. Affirmed.

Bill for an injunction by Charles N. Brumm and Virginia Brumm, his wife, in right of said Virginia Brumm, against the Pottsville Water Company.

The facts will be found in the opinion of the court below, PERSHING, P. J., on the motion to continue the injunction, which was as follows:

Mrs. Virginia Brumm is the owner of a lot of ground situate on Minersville street, in the borough of Pottsville, with the appurtenances, consisting of one two-story frame dwelling house with brick and stone basement, and six two-story frame dwelling houses and frame stable. The amendment to the bill sets forth that the title of Elizabeth T. Davis, a prior owner of this property was sold at sheriff's sale to J. Harry James, to whom a deed

was made on May 19, 1877. He on September 19, 1877, conveyed his title to Susannah James, who in turn conveyed to Mrs. Brumm on November 4, 1885. Mrs. Davis resisted the claimants under the sheriff's sale, and kept possession of the premises until June 8, 1885. At that time she was indebted to the Pottsville Water Company for water supplied, viz., up to April 1, 1885, balance $35.50. In addition to this, the company demanded $42 for the year ending April 1, 1886, making a total of $77.50. The complainants on November 4, 1885, paid to the company $21 and denied any further liability. On May 7, 1886, the company through its secretary, gave notice that if the balance of the water rent claimed, viz., $56.20, was not paid without further delay the supply of water would be stopped.

The complainants then filed their bill in which, inter alia, they alleged "that the defendant has no power or authority to cut off or stop the supply of water for arrearages due by any other person or persons than your orators, from the above-described premises." A preliminary injunction was granted as prayed for, since which time the case has rested.

There are no disputed facts. The single question presented is the right of the water company to cut off the supply of water from the present owners until the unpaid water rents, which accumulated when Mrs. Davis was in the possession, are discharged.

The company has the usual power of making its own by-laws. One of these provides that water rents shall be due and payable half yearly in advance, on the first day of April and October, "and if not paid within sixty days the water shall be shut off, and will not be allowed to flow until all arrears and the expenses of shutting off and letting on, shall have been paid." Was this a valid exercise of the powers conferred upon the company?

In Girard L. Ins. Co. v. Philadelphia, 88 Pa. 393, there was an application for an injunction to restrain the cutting off of water from premises purchased at sheriff's sale. The city claimed for three years' unpaid water rents due by the former owner, with a superadded penalty of 15 per cent. The right to take away the water until the claim is paid, as provided by an ordinance, was sustained, and the injunction refused. It was held that the neglect to compel payment of the water rent as it became due, could not be taken advantage of by an owner of

property, and that the purchaser at sheriff's sale stood in no better position.

The fact that in the case cited it was the city, and in the case in hand it is a private corporation, which furnished the water supply, can, we think, make no difference. A municipal corporation which supplies its inhabitants with gas or water does so in its capacity of a private corporation, and not in the exercise of its powers of local sovereignty. If this power is granted to a borough or city, it is a special private franchise, made as well for the private emolument and advantage of the city as for the public good. In separating the two powers, public and private, regard must be had to the object of the legislature in conferring them. If granted for public purposes, exclusively, they belong to the corporate body in its public, political or municipal character. But if the grant was for purposes of private advantages and emolument, although the public may derive a common benefit therefrom, the corporation *quoad hoc* is to be regarded as a private company. It stands upon the same footing as would any individual or body of persons, upon whom the like special franchises had been conferred. These principles are enforced in the case of Western Sav. Fund Soc. v. Philadelphia, 31 Pa. 175, 72 Am. Dec. 730. See also Wheeler v. Philadelphia, 77 Pa. 338; Girard L. Ins. Co. v. Philadelphia, 88 Pa. 393; Bailey v. New York, 3 Hill, 538, 38 Am. Dec. 669.

In Harrisburg's Appeal, 107 Pa. 102, an injunction which had been granted restraining the cutting off of the water for unpaid rents, was reversed, and the injunction set aside. The case has an indirect bearing at least on the controversy before us. It would seem necessarily to follow, from the authorities, that an ordinance regulating the supply of water by a municipal corporation has the same force, and no more, of a by-law of a private corporation whose powers, in this respect, are of a like character, and conferred for the same purpose.

It may be conceded that there is an apparent injustice in refusing to supply water to these premises until the present owner consents to pay for water consumed by Mrs. Davis during her occupancy of them. It is not claimed that any personal liability attaches to Mrs. Brumm. We think, however, that the property itself is bound for the payment of the back water rents. A supplement to the act incorporating the Pottsville Water Company was passed on February 18, 1854. Section 13 provides,

*inter alia,* that the "real estate (to which water is supplied) shall be bound and liable for the use of the same." In every case in which property, either real or personal, is charged with the payment of a debt or duty, every such charge may be denominated a lien on the property. In this general sense it will include preferred or privileged claims given by statute. Bouvier Law Dict. title, *Lien.*

No question can arise here as to the right to demand payment of this statutory lien out of the proceeds of the sheriff's sale, for the reason that it was not in existence until long after the title of Mrs. Davis was devested by that sale.

The injunction was accordingly dissolved and the bill dismissed. The complainant took this appeal, specifying as error the action of the court as above.

*Geo. J. Wadlinger,* for appellants.—A water company, although a private corporation, yet like a railroad, canal, or any carrying company, is a public corporation as to its duties to the public. Foster v. Fowler, 60 Pa. 27.

A municipal corporation exercising the functions of a private corporation, in supplying its citizens with water, does not thereby lose its distinctive municipal character. Lehigh Water Co.'s Appeal, 102 Pa. 515.

The introduction of water by the city into private houses is not on the footing of a contract, but of a license which is paid for. Smith v. Philadelphia, 81 Pa. 39, 22 Am. Rep. 731.

It is an improper practice for a court to dismiss a bill in equity, before an answer or demurrer is filed upon a hearing upon the bill and affidavits on a motion to continue a preliminary injunction. Buck Mountain Coal Co.'s Appeal, 5 W. N. C. 309.

*D. C. Henning,* for appellee.—Cited Girard L. Ins. Co. v. Philadelphia, 88 Pa. 393; Harrisburg's Appeal, 107 Pa. 102; Wheeler v. Philadelphia, 77 Pa. 338; Western Sav. Fund Soc. v. Philadelphia, 31 Pa. 175, 72 Am. Dec. 730; Bailey v. New York, 3 Hill, 538, 38 Am. Dec. 669.

PER CURIAM:

Having carefully examined the opinion of the learned judge

of the court below, we deem it unnecessary to add anything to what he has so well said. Nothing, therefore, remains for us but to concur in the decree which he has made.

The appeal is dismissed and the decree affirmed, at the costs of appellants.

A motion for reargument was refused March 19, 1888.